# Exhibit A

Filing # 186339769 E-Filed 11/17/2023 07:08:00 AM

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA
CIVIL DIVISION

DALLAS BAKER,

    Plaintiff,

v.
                              CASE NO.:

WAL-MART STORES EAST, LP,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DALLAS BAKER, by and through undersigned counsel, hereby brings this action against Defendant, WAL-MART STORES EAST, LP, and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages exceeding $50,000, exclusive of interest, fees, and costs, for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq., and 42 U.S.C. § 2000e et seq., Florida Workers' Compensation Act ("FWCA"), Fla. Stat. § 440.205.

2. Venue is proper in Volusia County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Flagler County, Florida and he worked in Volusia County, Florida.

4. Defendant operates a multinational retail chain with a location in Volusia County, Florida.

## GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII.

9. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

11. At all times material hereto, Plaintiff was an "employee" within the meaning of the FWCA, Fla. Stat. § 440.02(15)(a).

12. At all times material hereto, Defendant was an "employer" within the meaning of the FWCA, Fla. Stat. § 440.02(16).

## FACTS

13. Plaintiff began working for Defendant in June 1992, and he worked as an Asset Protection Associate at the time of his termination on September 2, 2022.

14. Throughout Plaintiff's lengthy tenure, he was a stellar employee and received numerous awards and accolades.

15. Plaintiff is a qualified individual with a disability. Specifically, Plaintiff has been diagnosed with post-traumatic stress disorder.

16. Plaintiff was seeking therapy at Respondent's behest because of interactions he had with customers threatening him with violence.

17. Further, Plaintiff is Black male. Thus, Plaintiff is a member of a protected class, and on account of his protected status, Plaintiff benefits from the protections of Title VII and the FCRA.

18. At various points throughout Plaintiff's tenure with Defendant, he was subjected to discrimination based on his race.

19. By way of example and not limitation, on or about September 1, 2022, Plaintiff was repeatedly called a "nigger" by a shoplifter he apprehended.

20. Plaintiff needed to use physical force with this shoplifter as per Respondent's policies. Plaintiff also had to defend himself from the violence from this shoplifter who was later charged with Strong-Arm Robbery.

21. Plaintiff reported this instance of discrimination he endured to his manager that same day.

22. In retaliation, Respondent terminated Plaintiff's employment for a pretextual reason on September 2, 2022.

23. On or about September 1, 2022, Plaintiff was injured at work. Specifically, Plaintiff suffered a boxer's fracture in his right pinky finger during an altercation with that shoplifter.

24. Plaintiff followed all of Defendant's protocols and policies when dealing with this shoplifter.

25. On or about September 1, 2022, Plaintiff notified Defendant of the injury that he had suffered at work.

26. Plaintiff subsequently filled out the paperwork necessary to initiate a claim for workers' compensation benefits.

27. Under the FWCA, Plaintiff had a valid claim for benefits for the injury that he sustained at work.

28. By attempting to pursue his right to file a valid Workers' Compensation claim, Plaintiff engaged in protected activity under the FWCA.

29. Specifically, Plaintiff spoke with his manager about workers' compensation benefits and filled out the necessary paperwork to initiate a claim.

30. Other non-Black and non-disabled employees have been in altercations with shoplifters before and their employment was not terminated.

31. On or about September 2, 2022, Defendant also retaliated against Plaintiff for lawfully claiming benefits under the FWCA by terminating his employment.

## COUNT I – TITLE VII VIOLATION
## (RACEDISCRIMINATION)

32. Plaintiff realleges and readopts the allegations of paragraphs 1-9, 13-14, 17-22, and 30 of this Complaint, as though fully set forth herein.

33. Plaintiff is a member of a protected class under Title VII.

34. Plaintiff was subjected to disparate treatment on the basis of his, including terminating Plaintiff's employment.

35. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

36. Defendant's actions were willful and done with malice.

37. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of Title VII by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained.

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII RETALIATION

38. Plaintiff realleges and readopts the allegations of paragraphs 1-9, 13-14, 17-22, and 30 of this Complaint, as though fully set forth herein.

39. Plaintiff is a member of a protected class under Title VII.

40. Plaintiff exercised or attempted to exercise his rights under Title VII, thereby engaging in protected activity under Title VII.

41. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating his employment.

42. Defendant's actions were willful and done with malice.

43. In terminating his employment, Defendant took material adverse action against Plaintiff.

44. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising his rights under Title VII;

d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g) Front pay;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

<u>**COUNT III – FCRA VIOLATION**</u>
**(HANDICAP and RACE DISCRIMINATION)**

45. Plaintiff realleges and readopts the allegations of paragraphs 1-7, 10, 13-22, and 30 of this Complaint, as though fully set forth herein.

46. Plaintiff is a member of a protected class under the FCRA because of his handicap and race.

47. Plaintiff was subjected to disparate treatment on the basis of his handicap, disability, and/or perceived handicap/disability.

48. Plaintiff was also subjected to disparate treatment on the basis of his race

49. Defendant's actions were willful and done with malice.

50. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) Compensation for lost wages, benefits, and other remuneration;

    d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    e) Any other compensatory damages, including emotional distress, allowable at law;

    f) Punitive damages;

    g) Prejudgment interest on all monetary recovery obtained.

    h) All costs and attorney's fees incurred in prosecuting these claims; and

    i) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA RETALIATION

30. Plaintiff realleges and readopts the allegations of paragraphs 1-7, 10, 13-22, and 30 of this Complaint, as though fully set forth herein.

31. Plaintiff is a member of a protected class under the FCRA because of his handicap and race.

32. Plaintiff engaged in protected activity under the FCRA by complaining to his supervisor.

33. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating his employment

34. Defendant's actions were willful and done with malice.

35. Defendant took material adverse action against Plaintiff.

36. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising his rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## COUNT V – WORKERS' COMPENSATION RETALIATION

51. Plaintiff realleges and readopts the allegations of paragraphs 1-7, 11-14, 23-29, and 31 of this Complaint, as though fully set forth herein.

52. Plaintiff engaged in protected activity under the FWCA by filing or attempting to file a valid Workers' Compensation claim for an injury that he suffered at work.

53. Defendant retaliated against Plaintiff for engaging in protected activity under the FWCA by terminating Plaintiff's employment.

54. Plaintiff was injured as a result of Defendant's violations of the FWCA, Fla. Stat. § 440.205.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue, and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment stating that Defendant retaliated against Plaintiff, in violation of Fla. Stat. § 440.205;

d) Compensation for lost wages, benefits, and other remuneration;

e) Compensatory damages, including damages recoverable for emotional distress allowable at law; and

f) For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 16th day of November 2023.

                                      Respectfully submitted,

                                      */s/ Amanda E. Heystek*
                                      **AMANDA E. HEYSTEK**
                                      Florida Bar No: 0285020
                                      **NIKOLE D. MILLER**
                                      Florida Bar No.: 1031826
                                      Direct Dial: 813-379-2560
                                      **WENZEL FENTON CABASSA, P.A.**
                                      1110 N. Florida Avenue, Suite 300
                                      Tampa, Florida 33602
                                      Main Number: 813-224-0431
                                      Facsimile: 813-229-8712
                                      Email: aheystek@wfclaw.com
                                      Email: nmiller@wfclaw.com
                                      Email: rcooke@wfclaw.com
                                      **Attorneys for Plaintiff**